Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LUNA COMMERCIAL II, LLC<br><br>Apelado/Recurrido<br><br>v.<br><br>GUILLERMO ANTONIO SERRACANTE GIERBOLINI T/C/C GUILLERMO SERRACANTE GIERBOLINI POR SÍ Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTO CON ANA MARÍA CADILLA ARRIBAS Y OTROS<br><br>Apelantes/Peticionarios | KLAN202300610<br><br>cons. con<br><br>KLCE202300922 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso número: AI2021CV00073<br><br>Sobre:<br>Cobro de Dinero – Ordinario y Otros |

Panel integrado por su presidenta, la juez Domínguez Irizarry, la juez Rivera Marchand y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 20 de septiembre de 2024.

Comparece la parte apelante, Guillermo Antonio Serracante Gierbolini y Ana María Cadilla Arribas, y nos solicita que revoquemos la *Sentencia Parcial en Rebeldía* emitida por el Tribunal de Primera Instancia, Sala Superior de Aibonito, el 2 de mayo de 2023, notificada el día siguiente. Mediante dicho dictamen, el foro primario declaró Ha Lugar la *Demanda* en cobro de dinero y ejecución de prenda e hipoteca incoada por Condado 3, LLC, en contra de los codemandados en rebeldía, John Doe y Ricard Doe.

Por los fundamentos que exponemos a continuación, se revoca el dictamen apelado. Veamos.

**I**

El 2 de marzo de 2021, Condado 3, LLC (Condado 3) incoó una *Demanda* sobre cobro de dinero, ejecución de prenda e hipoteca

en contra de Guillermo Antonio Serracante Gierbolini (Serracante Gierbolini), Ana María Cadilla Arribas (Cadilla Arribas), Renan Serracante Gierbolini, Carmen Serracante Gierbolini, John Doe y Richard Doe, como posibles herederos desconocidos de la sucesión de Carmen Josefina Gierbolini Olivieri (Sucesión Gierbolini Olivieri), de los Estados Unidos y del Centro de Recaudación de Ingresos Municipales (CRIM).[1] En síntesis, alegó que Westernbank of Puerto Rico le concedió un préstamo hipotecario a Serracante Gierbolini y Cadilla Arribas (apelantes) por la suma de $350,000.00 por un término de 366 plazos mensuales consecutivos de principal e intereses. Arguyó, para garantizar el cumplimiento con la obligación, Serracante Gierbolini y Cadilla Arribas otorgaron en prenda los siguientes pagarés:

> a) Pagaré hipotecario a la orden de Banco Popular de Puerto Rico, o a su orden, por la suma principal de $200,000.00, con vencimiento a la presentación e intereses a razón de 9 1/2% anual, autenticado mediante afidávit número 14,160, ante el [n]otario Justino Ferrer Muñoz el 26 de agosto de 1993, según modificado.
>
> b) Pagaré hipotecario a la orden de WBPR, o a su orden, por la suma principal de $25,000.00, con vencimiento a la presentación e intereses a razón de 2% anual sobre la tasa de interés preferencial establecida por Citibank N.A. en la ciudad de NY, autenticado mediante afidávit número 494, ante el [n]otario José Héctor Vivas, el 10 de marzo de 1998 según modificado.
>
> c) Pagaré hipotecario a la orden de WBPR, o a su orden, por la suma principal de $125,000.00, con vencimiento a los 30 años a razón de 2% anual sobre la tasa de interés preferencial establecida por

---

[1] Apéndice del recurso KLAN202300610, págs. 127-132. Junto a su acción, la parte apelante presentó los siguientes documentos: (1) Pagaré de Caja, con fecha del 19 de marzo de 2002; (2) *Allonge*; (3) *Allonge to Note and/or Mortgage Note*, con fecha del 30 de junio de 2016; (4) Pagaré por $200,000.00, con fecha del 26 de agosto de 1993; (5) *Allonge*; (6) *Allonge to Note and/or Mortgage Note*, con fecha del 30 de junio de 2016; (7) Pagaré Hipotecario por $25,000.00, con fecha del 10 de marzo de 1998; (8) *Allonge*; (9) *Allonge to Note and/or Mortgage Note*, con fecha del 30 de junio de 2016; (10) Pagaré Hipotecario por $125,000.00, con fecha del 19 de marzo de 2002; (11) *Allonge*; (12) *Allonge to Note and/or Mortgage Note*, con fecha del 30 de junio de 2016. Véase, Apéndice del recurso, págs. 133-149.

> Citibank N.A. en la ciudad de NY, autenticado mediante afidávit número 4322, ante la [n]otario Lourdes Alicea Soto, el 19 de marzo de 2002, según modificado.

De otra parte, Condado 3 arguyó que en la acción de epígrafe los préstamos hipotecarios mencionados anteriormente gravaban la Finca Número 9,820, inscrita en el Registro de la Propiedad al Folio 147 del Tomo 194 de Aibonito, Sección de Barranquitas.

Indicó que incluyó en la demanda a Renan Serracante Gierbolini, Carmen Serracante Gierbolini y a la sucesión de Carmen Josefina Gierbolini Olivieri, por ser partes con interés, ya que estos son titulares registrales de la propiedad objeto de la ejecución. Planteó, además, que Serracante Gierbolini y Cadilla Arribas incumplieron con el pago de la obligación, por lo que estos, en conjunto a la Sucesión Gierbolini Olivieri, respondían solidariamente al pago de $292,235.08 por concepto de principal, más los intereses pactados al 6.99% anual, $1,099.63 por concepto de seguro de la propiedad *Force Place Insurance* al 5 de enero de 2021, así como, los cargos, recargos, penalidades, créditos accesorios y una suma igual al 10% de la cantidad de principal del préstamo para costas, gastos y honorarios de abogado.

En respuesta, el 25 de mayo de 2021, Carmen Serracante Gierbolini presentó su *Contestación a Demanda.*[2] En el referido escrito, negó los hechos esbozados por Condado 3 y levantó como defensa afirmativa que no existía una relación contractual entre ellos.

Por su parte, el 19 de julio de 2021, Serracante Gierbolini presentó su *Contestación a la Demanda.*[3] En síntesis, negó los hechos desglosados por Condado 3 y alegó que la Sucesión Gierbolini Olivieri es parte con interés por ser titular del inmueble,

---

[2] Entrada Núm. 14 del Caso Núm. AI2021CV00073 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[3] Entrada Núm. 30 del Caso Núm. AI2021CV00073 en el SUMAC.

pero no es **deudora garantizadora solidaria de la deuda reclamada, ya que no es parte del contrato de préstamo**. En sus defensas afirmativas arguyó que la reclamación no estaba líquida, vencida, ni exigible, pues se desconoce cuál es la cuantía adeudada de manera cierta y determinada.

El mismo día, Cadilla Arribas presentó su *Contestación a la Demanda,* en la cual reprodujo los argumentos esbozados por Serracante Gierbolini.[4] Asimismo, Renan Serracante Gierbolini presentó su alegación responsiva.[5] En síntesis, este último negó los hechos desglosados en la demanda y arguyó que no compareció al contrato en controversia, por lo que no existía una relación contractual entre ambos.

Luego de varios incidentes procesales, el 6 de febrero de 2023, Condado 3 instó una *Solicitud de Sustitución de Parte Demandante.*[6] En esencia, alegó que, el 30 de noviembre de 2021, transfirió el crédito litigioso a Luna Comercial II, LLC (Luna Comercial II o apelado), por lo que procedía sustituir a la parte demandante.

Atendida la solicitud, el 7 de febrero de 2023, el Tribunal de Primera Instancia emitió una *Orden* autorizando la sustitución de Luna Comercial II como parte demandante.[7]

Posteriormente, el 8 de junio de 2023, Luna Comercial II presentó una *Demanda Enmendada.*[8] Oportunamente, Serracante

---

[4] Entrada Núm. 31 del Caso Núm. AI2021CV00073 en el SUMAC.
[5] Entrada Núm. 33 del Caso Núm. AI2021CV00073 en el SUMAC.
[6] Entrada Núm. 100 del Caso Núm. AI2021CV00073 en el SUMAC.
[7] Entrada Núm. 101 del Caso Núm. AI2021CV00073 en el SUMAC.
[8] Apéndice de la parte apelada en el KLAN202300610, págs. 1-8. Junto a este escrito, la parte apelada presentó los siguientes documentos: (1) Pagaré de $200,000.00, con fecha del 26 de agosto de 1993; (2) *Allonge*; (3) *Allonge to Note and/or Mortgage Note*, con fecha del 30 de junio de 2016; (4) *Allonge to Note*; (5) Pagaré Hipotecario por $25,000.00, con fecha del 10 de marzo de 1998; (6) *Allonge*; (7) *Allonge to Note and/or Mortgage Note*, con fecha del 30 de junio de 2016; (8) *Allonge to Note*; (9) Pagaré Hipotecario por $125,000.00, con fecha del 19 de marzo de 2002; (10) *Allonge*; (11) *Allonge to Note and/or Mortgage Note*, con fecha del 30 de junio de 2016; (12) *Allonge to Note*; (13) *Contrato de Prenda*, con fecha del 19 de marzo de 2002; (14) *Revisión de Estudio*, con fecha del 5 de enero de 2021. Véase, Apéndice de la parte apelada, págs. 9-29.

Gierbolini,[9] Cadilla Arribas,[10] y la Sucesión Gierbolini Olivieri[11] presentaron sus alegaciones responsivas.

Por otro lado, el 19 de abril de 2023, Luna Comercial II presentó una *Solicitud de Anotación de Rebeldía.*[12] En esencia, alegó que John Doe y Richard Doe no habían comparecido al pleito, a pesar de haber sido emplazados. Por ello, solicitó que se les anotara la rebeldía.

Evaluada la postura de la parte, el 20 de abril de 2023, notificada al día siguiente, el foro primario emitió la *Sentencia Parcial* mediante la cual, en lo pertinente, le anotó la rebeldía a John Doe, Richard Doe, los Estados Unidos y al CRIM. A su vez, ordenó el archivo de la *Demanda* en cuanto a esas partes.[13]

En desacuerdo, el 1 de mayo de 2023, Luna Comercial II presentó una *Moción Solicitando Reconsideración.*[14] En dicho escrito, aclaró que el único remedio solicitado fue anotarle la rebeldía a John Doe y Richard Doe, más no el desistimiento contra los mismos. El 2 de mayo de 2023, el foro primario emitió una *Orden* en la que dejó sin efecto la *Sentencia Parcial* dictada el 20 de abril de 2023. No obstante, mantuvo la anotación de rebeldía en cuanto a John Doe y Richard Doe, así como la de los Estados Unidos y el CRIM.

Así las cosas, el 2 de mayo de 2023, notificada al día siguiente, el foro *a quo* emitió la *Sentencia Parcial en Rebeldía* que nos ocupa.[15] Mediante dicho dictamen, el foro primario declaró Ha Lugar la

---

[9] Apéndice de la parte apelada en el KLAN202300610, págs. 30-39. Junto a este escrito, Serracante Gierbolini presentó los siguientes documentos: (1) *Resolución sobre declaratoria de herederos de Carmen Josefina Gierbolini Olivieri*, con fecha del 29 de abril de 2009; (2) Hoja de solicitud de servicio inmueble, con fecha del 7 de julio de 2023; (3) Poder y Declaración del Representante-CRIM; (4) Solicitud para aclarar situación con catastros, con fecha del 26 de junio de 2023; (5) Carta fechada 9 de febrero de 2021 del representante legal de Serracante Gierbolini al representante legal de Luna Commercial II. Véase, Apéndice de la parte apelada, del KLAN202300610.
[10] Íd., págs. 47-56. Junto a este escrito presentó los mismos documentos que presentó Serracante Gierbolini en su alegación responsiva. Véase, Apéndice de la parte apelada, págs.57-63.
[11] Íd., págs. 64-70 y 71-76.
[12] Apéndice del recurso KLAN202300610, págs. 164-165.
[13] Íd., pág. 313.
[14] Íd., págs. 179-181.
[15] Íd., págs. 1-8.

acción de epígrafe en cuanto a estos. En particular, el juzgador desglosó las siguientes determinaciones de hechos:

1. El 26 de agosto de 2005, Westernbank Puerto Rico (en adelante "WBPR") le concedió a los codemandados, Guillermo Antonio Serracante Gierbolini t/c/c Guillermo Serracante Gierbolin[i] y Ana María Cadilla Arribas t/c/c Annie Cadilla Arriba un préstamo comercial por la suma de $350,000.00, autenticado mediante testimonio número 4,324, ante la [n]otario Lourdes Alicea Soto, a ser utilizado para los propósitos y bajo los términos y condiciones negociados. Dicho [p]réstamo devengaría intereses según pactado.

2. Acto seguido, como evidencia de la deuda a tenor con el mencionado préstamo[,] el 19 de marzo de 2002, los codemandados, Guillermo Antonio Serracante Gierbolini t/c/c Guillermo Serracante Gierbolin y Ana María Cadilla Arribas t/c/c Annie Cadilla Arriba suscribieron un "Pagaré de Caja"[,] autenticado mediante testimonio número 4,325, ante la [n]otario Lourdes Alicea Soto. El préstamo fue identificado por el WBPR con el número 7230013553 (hoy número 259130143) – en adelante "el Préstamo".

3. De igual manera, las partes pactaron que por cada pago que esté en morosidad por más de 15 días, la parte demandada pagará un cargo del cinco por ciento (5%) del importe del pago vencido. Además, las partes pactaron una cantidad igual al diez por ciento (10%) de la cantidad de principal del préstamo, equivalente a $35,000.00, para costas, gastos y honorarios de abogado en relación con las gestiones de cobro del Préstamo.

4. Para garantizar el pago y fiel cumplimiento de los términos y condiciones del préstamo, los codemandados Guillermo Antonio Serracante Gierbolini t/c/c Guillermo Serracante Gierbolini, Ana María Cadilla Arribas t/c/c Annie Cadilla Arriba y la Sociedad Legal de Bienes Gananciales compuesta por ambos; Renan Serracante Gierbolini; Carmen Serracante Gierbolini; y Carmen Josefina Gierbolini Olivieri t/c/c Carmen Gierbolini t/c/c Carmen Gierbolini viuda de Serracante (QEPD) antes, ahora la Sucesión de Carmen Josefina Gierbolini Olivieri t/c/c Carmen Gierbolini t/c/c Carmen Gierbolini viuda de Serracante, ofrecieron las siguientes garantías:

   a) Pagaré Hipotecario por la suma principal de $200,000.00, a la orden de[l] Banco Popular de Puerto Rico, o a su orden, con vencimiento a la presentación e intereses a razón de 9 1/2% anual, autenticado mediante afidávit número 14,160, ante el [n]otario Justino Ferrer Muñoz el 26 de agosto de 1993, según modificado.

   b) El mencionado Pagaré Hipotecario por $200,000.00, está garantizado con [una]

hipoteca constituida mediante Escritura [N]úmero 76 otorgada el 26 de agosto de 1993, ante el [n]otario Justino Ferrer Muñoz, modificada para extender el término de vencimiento a uno adicional de 5 años[,] a partir del 26 de agosto de 2018, con intereses sobre el 2% Prime Rate[,] mediante Escritura [N]úmero 4, otorgada el 10 de marzo de 1998 en Aibonito, Puerto Rico ante el [n]otario José Héctor Vivas, y nuevamente modificada para extender el término de caducidad del pagaré y la hipoteca que lo garantiza a un término adicional de 14 años, contados a partir del 26 de agosto de 2018, o sea, a vencer el 26 de agosto de 2032, mediante la Escritura [N]úmero 79, otorgada el 19 de marzo de 2002, en Aibonito, Puerto Rico ante la [n]otario Lourdes Alicea Soto; sobre una propiedad inscrita a favor de Josefina Gierbolini Olivieri t/c/c Carmen Gierbolini t/c/c Carmen Gierbolini viuda de Serracante, Renan, Guillermo y Carmen, todos de apellidos Serracante Gierbolini, la cual consta inscrita al Folio 147 del Tomo 194 de Aibonito, Registro de la Propiedad de Puerto Rico, Sección de Barranquitas, Finca #9,820.

c) Pagaré Hipotecario por la suma principal de $25,000.00, a la orden de WBPR, o a su orden, con vencimiento a la presentación e intereses a razón de 2% anual sobre la tasa de interés preferencial establecida por Citibank N.A. en la ciudad de NY, autenticado mediante afidávit número 494, ante el [n]otario José Héctor Vivas, el 10 de marzo de 1998[,] según modificado.

d) El mencionado Pagaré Hipotecario por $25,000.00, está garantizado con [una] hipoteca constituida mediante Escritura [N]úmero 5 otorgada el 10 de marzo de 1998, ante el [n]otario José Héctor Vivas, modificada para extender el término de vencimiento a uno adicional de 14 años[,] a partir del 10 de marzo de 2018, o sea, a vencer el 10 de marzo de 2032 mediante Escritura [N]úmero 80, otorgada el 19 de marzo de 2002 en Aibonito, Puerto Rico ante la [n]otario Lourdes Alicea Soto; sobre una propiedad inscrita a favor de Josefina Gierbolini Olivieri t/c/c Carmen Gierbolini t/c/c Carmen Gierbolini viuda de Serracante, Renan, Guillermo y Carmen, todos de apellidos Serracante Gierbolini, la cual consta inscrita al Folio 147 del Tomo 194 de Aibonito, Registro de la Propiedad de Puerto Rico, Sección de Barranquitas, Finca #9,820.

e) Pagaré Hipotecario por la suma principal de $125,000.00, a la orden de WBPR, o a su orden, con vencimiento a los 30 años a razón de 2% anual sobre la tasa de interés preferencial establecida por Citibank N.A. en la ciudad de NY, autenticado mediante afidávit número 4322, ante la [n]otario Lourdes Alicea Soto, el 19 de marzo de 2002, según modificado.

f) El mencionado Pagaré Hipotecario por $125,000.00, está garantizado con hipoteca constituida mediante Escritura [N]úmero 81 otorgada el 19 de marzo de 2002, ante la [n]otario Lourdes Alicea Soto; sobre una propiedad inscrita a favor de Josefina Gierbolini Olivieri t/c/c Carmen Gierbolini t/c/c Carmen Gierbolini viuda de Serracante, Renan, Guillermo y Carmen, todos de apellidos Serracante Gierbolini, la cual consta inscrita al Folio 147 del Tomo 194 de Aibonito, Registro de la Propiedad de Puerto Rico, Sección de Barranquitas, Finca #9,820.

g) Contrato de Prenda, suscrito el 19 de marzo de 2002 y reconocido mediante affidávit número 4323 ante la [n]otario Público Lourdes Alicea Soto.

5. Las garantías prendarias hipotecarias aludidas en los incisos "a", "c" y "e" del párrafo #4 anterior, gravan la siguiente propiedad inmueble:

RUSTICA: Predio de terreno sitio[*sic*] en el Barrio Robles del Municipio de Aibonito, Puerto Rico, denominado solar "A" del plano, con un área de [*sic*] superficial de tres mil quinientos cuarenta y siete punto cero sesenta y ocho metros cuadrados, equivalentes a cero punto noventa mil doscientos cuarto y siete cuerda. En lindes por el NORTE, Carretera Puerto Rico número catorce por el SUR, remanente de la finca principal; por el ESTE, Calle Municipal existente, y por el OESTE, con Parque de Bombas.

Consta inscrita al Folio 147 del Tomo 194 de Aibonito, Registro de la Propiedad de Puerto Rico, Sección de Barranquitas, Finca Número 9,820.

6. La parte demandante ha requerido a los deudores el pago de las cantidades adeudadas, sin haberse efectuado el mismo.

7. Al día de hoy, no se ha pagado la deuda ni total ni parcialmente.

8. Surge de un estudio de título realizado sobre la propiedad inmueble objeto de este procedimiento, descrita anteriormente, que existe el siguiente gravamen posterior a favor de los Estados Unidos de

América y/o una de sus agencias[,] razón por la cual se incluyó como parte con interés en el caso. Se reconoce el derecho de redención de los Estados Unidos.

a) Embargo Federal contra Guillermo Serracante Gierbolini, seguro social XXXXX6935, por la suma de $18,691.33, notificación número 251569617, Certificación de fecha 3 de marzo de 2017, presentado el día 31 de marzo de 2017 al Asiento 2017-002346-FED del Sistema Karibe.

9. La parte demandante es el actual tenedor de buena fe y poseedor por causa onerosa y/o mediante endoso, de los pagarés hipotecarios entregados en prenda, en garantía de las sumas reclamadas en la Demanda.

10. El último pago que se realizó fue el correspondiente al pago vencedero el 19 de agosto de 2014, y en su consecuencia ha incurrido en el incumplimiento de su obligación de pagar en plazos mensuales el principal y los intereses según acordado, por lo que adeuda a la parte demandante la suma de $292,235.08 por concepto de principal, más intereses al tipo pactado de 6.99% anual los cuales[,] al 5 de enero de 2021[,] ascendían a $135,413.14. Dichos intereses continuarán acumulándose a razón de $56.74 por día ("per diem") hasta el pago total de la obligación. La parte demandada también adeuda la suma de $1,099.63 por concepto de seguro de la propiedad ("Force Place Insurance") al 5 de enero de 2021. Además, las partes pactaron un cargo del cinco por ciento (5%) del importe del pago vencido, más otros cargos, recargos, penalidades y créditos accesorios, así como una suma igual al diez por ciento (10%) de la cantidad de principal del préstamo, equivalente a $35,000.00, para costas, gastos y honorarios de abogado en relación con las gestiones de cobro del Préstamo.

11. La parte demandante ha realizado gestiones para obtener el pago de las sumas reclamadas resultando tales gestiones infructuosas[,] por lo cual[,] declaró vencida, l[í]quida y exigible la totalidad de la deuda.

12. El incumplimiento contractual le da a la demandante el derecho de proceder, entre otras, a la ejecución de la prenda e hipotecas bajo el caso de epígrafe, para con el producto de la venta de las propiedades mueble e inmueble que la garantizan, se le pague[,] hasta donde sea posible[,] su acreencia y de haber deficiencia, ejecutando otros bienes de las codemandadas en cantidad suficiente para cubrir el balance insoluto de la Sentencia a dictarse en este caso.

13. La parte demandante incluyó al CRIM, como parte con interés, con el propósito de que quedara notificado del presente procedimiento de ejecución de hipoteca y pudiera, de esta manera, ejercer sus derechos conforme a la ley y reglamentos aplicables. Además, para que, de conformidad con la Ley [Núm.] 76-1968, determine el monto de contribución sobre la herencia, si alguno, atribuible al caudal hereditario de la causante o, por el

contrario, se exima. El CRIM no responde de forma alguna por la deuda reclamada en este litigio.[16]

El foro de origen concluyó que Luna Comercial II era la actual dueña y tenedora de buena fe, por causa onerosa/endoso, de los pagarés hipotecarios. De igual forma, determinó que la referida deuda se encontraba en incumplimiento, pues no habían realizado pagos, por lo que le ordenó a John Doe y Richard Doe, de manera solidaria, a realizar los siguientes pagos:

> La cantidad de $292,235.08 por concepto de principal, más la cantidad de $135,413.14 por concepto de intereses acumulados al 5 de enero de 2021 y los cuales continúan acumulándose mensualmente a razón de las tasas de interés pactadas, más la cantidad de $35,000.00 estipulada para costas, gastos y honorarios de abogado, la suma de $1,099.63 por concepto de seguro de la propiedad ("Force Place Insurance") a la mencionada fecha, más cualquier otra cantidad por cargos y recargos que se acumulen hasta la fecha de su total y completo pago.

> En caso de que no se haga efectivo el pago de dichas sumas a la demandante dentro del término establecido por Ley, se ordena al Alguacil de este Tribunal que proceda a vender la finca hipotecada en pública subasta, previo la ejecución de la prenda, para con su producto satisfacer las cantidades adeudadas a la demandante, y que[,] de ser el producto de la venta insuficiente para el pago de esta reclamación, John Doe y Richard Doe, como posibles herederos desconocidos de Carmen Josefina Gierbolini Olivieri t/c/c Carmen Gierbolini, tendrán que pagar con sus demás bienes.[17]

En desacuerdo, el 17 de mayo de 2023, Serracante Gierbolini y Cadilla Arribas presentaron una *Moción Solicitando Reconsideración*.[18] En respuesta, Luna Comercial II presentó una *Moción en Oposición a Solicitud de Reconsideración de Sentencia Parcial*.[19] Mediante *Orden* del 13 de junio de 2023, el Tribunal de Primera Instancia declaró No Ha Lugar la reconsideración.

Inconforme, el 13 de julio de 2023, la parte apelante acudió ante esta Curia mediante el recurso de Apelación **KLAN202300610** y señaló el siguiente error:

---

[16] Apéndice del recurso KLAN202300610, págs. 2-5.
[17] Íd., pág. 7.
[18] Íd., págs. 9-20.
[19] Íd., págs. 28-37.

ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA "MOCIÓN SOLICITANDO RECONSI[D]ERACIÓN (SUMAC #133)" TODA VEZ QUE[,] EN LA "SENTENCIA PARCIAL EN REBELDÍA"[,] SE ORDENÓ LA EJECUCIÓN DE LA PROPIEDAD OBJETO DE ESTE LITIGIO FUNDAMENTADO EN LA NO COMPARECENCIA A CONTE[S]TAR LA DEMANDA DE UNOS HEREDEROS QUE NO EXISTEN [JOHN DOE Y RICHARD DOE COMO POSIBLES HEREDEROS DESCONOCIDOS DE CARMEN GIERBOLINI] EN PERJUICIO DE LOS TITULARES DE ESTE INMUEBLE.

Luego de varias incidencias procesales, y en cumplimiento con nuestra *Resolución* del 20 de agosto de 2024, mediante la cual le ordenamos a la parte apelada que mostrara causa por lo cual no se debía revocar la *Sentencia Parcial en Rebeldía*, la parte apelada presentó su *Escrito en cumplimiento de orden de mostrar causa* el 30 de agosto de 2024.

Por otro lado, Serracante Gierbolini y Cadilla Arribas (peticionarios) presentaron ante el Tribunal de Primera Instancia una *Moción Solicitando el Relevo de la "Sentencia Parcial en Rebeldía" a tenor con la Regla 49.2 de Procedimiento Civil.*[20] En esencia, alegaron que descubrieron la Declaratoria de Herederos de la Sucesión de Gierbolini Olivieri, que no estaba disponible cuando se presentó la *Moción Solicitando Reconsideración*. Por ello, argumentaron que se debía relevar la *Sentencia Parcial en Rebeldía* contra John Doe y Richard Doe, como posibles herederos desconocidos de la Sucesión Gierbolini Olivieri. En respuesta, Luna Comercial II se opuso.[21]

Atendidos los planteamientos, el Tribunal de Primera Instancia emitió una *Orden* mediante la cual declaró No Ha Lugar a la solicitud de relevo de sentencia promovida por Serracante Gierbolini y Cadilla Arribas.[22]

---

[20] Apéndice del recurso KLCE202300922, págs. 1-28.
[21] Íd., págs. 82-85.
[22] Íd., pág. 86.

Inconforme la parte peticionaria acudió ante nos mediante el recurso de *certiorari* **KLCE202300922** y nos plantea la comisión de los siguientes errores:

> ERRÓ EL TPI AL DECLARAR "NO HA LUGAR" LA MOCIÓN SOLICITANDO EL RELEVO DE LA "SENTENCIA PARCIAL EN REBELDÍA" A TENOR [C]ON LA REGLA 49.2 DE PROCEDIMIENTO CIVIL[,] TODA VEZ QUE DE LA DECLARATORIA DE HEREDEROS SURGE QUE NO EXISTEN HEREDEROS DESCONOCIDOS DE CARMEN GIERBOLINI, POR LO CUAL, PROCEDE DEJAR SIN EFECTO[S] LA "SENTENCIA PARCIAL EN REBELDÍA" QUE ORDENA LA EJECUCIÓN DE LA PROPIEDAD OBJETO DE ESTE LITIGIO FUNDAMENTADO EN LA NO COMPARECENCIA A CONTESTA[R] LA DEMANDA DE UNOS HEREDEROS INEXISTENTES, EN PERJUICIO DE LOS TITULARES DE ESTE INMUEBLE.

> ERRÓ EL TPI AL DECLARAR "NO HA LUGAR" LA MOCIÓN SOLICITANDO EL RELEVO DE LA "SENTENCIA PARCIAL EN REBELDÍA"[,] A TENOR CON LA REGLA 49.2 DE PROCEDIMIENTO CIVIL, TODA VEZ QUE ESE HONORABLE FORO CARECÍA DE JURISDICCIÓN CUANDO EMITIÓ LA ORDEN EL 20 DE JULIO DE 2023.

Examinados los respectivos recursos interpuestos, el 17 de julio de 2024, consolidamos ambos recursos de conformidad con lo establecido en las Reglas 17 y 80.1 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 17 y 80.1.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A

En una acción de cobro de dinero, la parte demandante únicamente puede reclamar, por vía judicial, aquellas deudas que estén vencidas, líquidas y exigibles. *RMCA v. Mayol Bianchi*, 208 DPR 100, 108 (2021). Respecto a ello, el Tribunal Supremo de Puerto Rico expresó que:

> El vocablo "líquida" en relación con una cuenta, en lenguaje corriente significa el saldo "o residuo de cuantía cierta que resulta de la comparación del cargo con la data". Y la voz "exigible" refiriéndose a una obligación, significa que puede demandarse su

cumplimiento. *Guadalupe v. Rodríguez*, 70 DPR 958, 966 (1950).

En ese sentido, la deuda es "líquida" cuando la cuantía de dinero debida es "cierta" y "determinada". *Ramos y otros v. Colón y otros*, 153 DPR 534, 546 (2001), citando a M.A. Del Arco Torres y M. Pons González, *Diccionario de Derecho Civil*, Navarra, Ed. Aranzadi, 1984, T. II, pág. 168 y a *Freeman v. Tribunal Superior*, 92 DPR 1, 25 (1965). Por otro lado, la deuda es "exigible" cuando la obligación no está sujeta a una causa de nulidad y puede demandarse su cumplimiento. *Guadalupe v. Rodríguez*, supra. Sobre ese particular, nuestro Tribunal Supremo determinó en *RMCA v. Mayol Bianchi*, supra, págs. 108-109, lo siguiente:

> La deuda es líquida por ser cierta y determinada, y es exigible porque puede demandarse su cumplimiento. Así que, "al alegarse que la cuenta es 'líquida y exigible' se están exponiendo hechos, a saber: que el residuo de la cuantía ha *sido aceptado como correcto por el deudor y que está vencido*". (Citas omitidas).

Por otro lado, la parte que exige el cumplimiento de una obligación es a quien le corresponde probar su existencia. *Admor. F.S.E. v. Almacén Ramón Rosa*, 151 DPR 711, 719 (2000); *H.R. Stationery, Inc. v. E.L.A.*, 119 DPR 129, 134 (1987). Lo anterior es cónsono con la Regla 110 de Evidencia de Puerto Rico de 2009, 32 LPRA Ap. VI, R. 110, pues el peso de la prueba recae sobre la parte que resultaría vencida en caso de no presentarse prueba alguna.

**B**

La hipoteca es aquel derecho real de constitución registral, que es de naturaleza accesoria e indivisible, que garantiza una obligación pecuniaria y recae sobre aquellos bienes inmuebles, ajenos y enajenables, que permanecen en la posesión de su propietario o titular registral. *Dist. Unidos Gas v. Sucn. Declet Jiménez*, 196 DPR 96, 110-111 (2016); *Westernbank v. Registradora*, 174 DPR 779, 784 (2008).

El procedimiento para ejecutar el derecho real de una hipoteca se encuentra en el Artículo 94 de la Ley Núm. 210-2015, *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico,* según enmendada, 30 LPRA sec. 6131, que establece que una hipoteca vencida, ya sea en todo o en parte, incluyendo sus intereses, puede ser ejecutada por vía judicial. Por su parte, el Artículo 96 del citado estatuto dispone que en el procedimiento de ejecución de hipoteca se deberá demandar al titular que aparezca inscrito en el registro. 30 LPRA sec. 6133.

La acción de ejecución de hipoteca por la vía ordinaria es una de carácter mixto, es decir, de naturaleza personal y real. *First Fed. Savs. v. Nazario et als.,* 138 DPR 872, 879 (1995); *C.R.U.V. v. Torres Pérez,* 111 DPR 698 (1981). El acreedor hipotecario puede optar por obtener "la satisfacción de la sentencia que sea dictada en reconocimiento de su crédito mediante requerimiento personal al deudor o mediante la ejecución de la garantía hipotecaria". *Íd.,* págs. 879-880; *P. R. Prod. Credit Assoc. v. Registrador,* 123 DPR 231 (1989). Por su parte, las acciones de carácter *in rem* o *quasi in rem* se distinguen por ir dirigidas contra la propiedad en sí y no contra su dueño. *Núñez González v. Jiménez Miranda,* 122 DPR 134, 140 (1988).

### c

Sabido es que los tribunales solo pueden resolver casos que sean justiciables. *Bhatia Gautier v. Gobernador,* 199 DPR 59, 68 (2017); *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 931 (2011). El principio de la justiciabilidad gobierna el ejercicio de la función revisora de los tribunales, fijando la jurisdicción de estos. Conforme a dicho principio, los tribunales limitan su intervención a resolver controversias reales y definidas que afectan las relaciones jurídicas de partes antagónicas u opuestas. *Super Asphalt v. AFI y otro,* 206 DPR 803, 815 (2021); *U.P.R. v. Laborde Torres y otros I,*

180 DPR 253, 279-280 (2010); *E.L.A. v. Aguayo*, 80 DPR 552, 583-584 (1958).

La doctrina de la academicidad constituye una de las manifestaciones de la justiciabilidad. *Super Asphalt v. AFI y otro*, supra. Una controversia es académica cuando los acontecimientos y cambios fácticos tornan en ficticia su solución, de tal modo que un fallo del tribunal no tendría efectos prácticos. *Amador Roberts et als. v. ELA*, 191 DPR 268, 283 (2010), citando a *Com. de la Mujer v. Srio. de Justicia*, 109 DPR 715, 724-725 (1980). Por tal razón, se debe evaluar los eventos anteriores, próximos y futuros, a fines de determinar si la controversia entre las partes sigue viva y subsiste con el tiempo. *Super Asphalt v. AFI y otro*, supra, pág. 816; *Pres. del Senado*, 148 DPR 737, 759 (1999). Cuando un tribunal determine que un caso es académico, su deber es abstenerse de considerar los méritos de ese caso, pues deja de ser justiciable y, en su consecuencia, no es apto para la intervención judicial. *Íd.* Con esta limitación sobre el poder de los tribunales, se persigue evitar el uso innecesario de los recursos judiciales y obviar pronunciamientos autoritativos de los tribunales que resulten superfluos. *C.E.E. v. Depto. de Estado*, 134 DPR 927, 935-936 (1993).

Ahora bien, la doctrina de academicidad admite excepciones que operan cuando: (1) se plantea una cuestión recurrente que tienda a evadir la revisión judicial; (2) la situación de hechos ha sido modificada por el demandado, pero el cambio no aparenta ser permanente; y (3) subsisten consecuencias colaterales vigentes. *Bhatia Gautier v. Gobernador*, supra, págs. 74-75; *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 983 (2011).

Por otro lado, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, provee para solicitar la desestimación de todo recurso que haya advenido académico, así

como para la desestimación *motu proprio* por esta Curia. En lo pertinente, la referida regla establece lo siguiente:

[...]

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

    (1) Que el Tribunal de Apelaciones carece de jurisdicción.

    (2) Que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.

    (3) Que no se ha presentado o proseguido con diligencia o de buena fe.

    (4) Que el recurso es frívolo y surge claramente que no se ha presentado controversia sustancial o que ha sido interpuesto para demorar los procedimientos.

    (5) **Que el recurso se ha convertido en académico.**

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) de esta regla.

[...] (Énfasis nuestro).

### III

La parte apelante sostiene en su único señalamiento de error que el Tribunal de Primera Instancia incidió al declarar no ha lugar la *Moción Solicitando Reconsideración,* pues alega que la *Sentencia Parcial en Rebeldía* ordenó la ejecución de la propiedad objeto del litigio por la no comparecencia de John Doe y Richard Doe, como posibles herederos desconocidos de Carmen Josefina Gierbolini Olivieri. Le asiste la razón. Veamos.

En el caso ante nuestra consideración, el foro primario declaró ha lugar la *Demanda* en cobro de dinero, ejecución de hipoteca y prenda contra John Doe y Richard Doe, como posibles herederos desconocidos de Carmen Josefina Gierbolini Olivieri, una de las titulares registrales de la propiedad gravada. Ello, a pesar de que estos no otorgaron el préstamo hipotecario en controversia. Si bien es cierto que John Doe y Richard Doe se trajeron al pleito por ser

posibles partes con interés, también es cierto que, en el Pagaré de Caja otorgado,[23] surge que los únicos deudores de la cantidad reclamada en la acción de epígrafe son Serracante Gierbolini y Cadilla Arribas, por lo que John Doe y Richard Doe no responden por la deuda reclamada. Es decir, no procedía que el foro primario emitiera sentencia declarando como codeudores a dos posibles herederos desconocidos, cuando estos no se obligaron a tal gravamen. Simplemente, dicho dictamen no es ejecutable.

De un examen sosegado del expediente judicial, llegamos a la conclusión que incidió el foro sentenciador al declarar Ha Lugar la *Demanda,* pues John Doe y Richard Doe no son deudores, sino posibles partes con interés en el pleito. Por lo tanto, lo que procedía en derecho era anotar su rebeldía, lo cual se realizó previo a la *Sentencia Parcial en Rebeldía* que nos ocupa. Por consiguiente, se cometió el error señalado y procede revocar el dictamen apelado en el **KLAN202300610**.

Por otro lado, en cuanto al **KLCE202300922**, la parte peticionaria señala que el foro primario erró al declarar No Ha Lugar la *Moción Solicitando el Relevo de la "Sentencia Parcial en Rebeldía" a tenor con la Regla 49.2 de Procedimiento Civil,* pues de la Declaratoria de Herederos de Carmen Josefina Gierbolini Olivieri surge que no existen herederos desconocidos. De igual forma, alega que el foro *a quo* incidió al declarar No Ha Lugar la *Moción Solicitando el Relevo de la "Sentencia Parcial en Rebeldía" a tenor con la Regla 49.2 de Procedimiento Civil,* toda vez carecía de jurisdicción para ello.

Luego de examinar el recurso, en ausencia de disputa legítima entre los aquí comparecientes, así como la inaplicabilidad de las excepciones a la doctrina de academicidad, conforme a lo resuelto

---

[23] Véase, Apéndice del recurso en el KLAN202300610, págs. 133-135.

en el recurso **KLAN202300610,** resulta improcedente emitir una expresión sobre los errores señalados en el **KLCE202300922**. En conclusión, procede desestimar el **KLCE202300922** por falta de jurisdicción por haberse tornado académico.

**IV**

Por los fundamentos antes expuestos, revocamos el dictamen apelado en el **KLAN202300610** y se devuelve el caso al foro de origen para que continúen los procedimientos, conforme a lo aquí resuelto.

En cuanto al **KLCE202300922**, desestimamos el recurso por falta de jurisdicción por academicidad.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones